Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Michael L Spano, Jr.** | |
| | First Name    Middle Name    Last Name | |
| Debtor 2 | **Laurel R Spano** | |
| (Spouse, if filing) | First Name    Middle Name    Last Name | |
| United States Bankruptcy Court for the: | **WESTERN DISTRICT OF PENNSYLVANIA** | |
| Case number: | **18-70235** | |
| (If known) | | |

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

## Western District of Pennsylvania
### Chapter 13 Plan Dated: April 11, 2018

**Part 1:    Notices**

**To Debtor(s):**   This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with local rules and judicial rulings may not be confirmable. The terms of this plan control unless otherwise ordered by the court.

In the following notice to creditors, you must check each box that applies

**To Creditors:**   *YOUR RIGHTS MAY BE AFFECTED BY THIS PLAN. YOUR CLAIM MAY BE REDUCED, MODIFIED, OR ELIMINATED.*

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

*IF YOU OPPOSE THIS PLAN'S TREATMENT OF YOUR CLAIM OR ANY PROVISION OF THIS PLAN, YOU OR YOUR ATTORNEY MUST FILE AN OBJECTION TO CONFIRMATION AT LEAST SEVEN (7) DAYS BEFORE THE DATE SET FOR THE CONFIRMATION HEARING, UNLESS OTHERWISE ORDERED BY THE COURT. THE COURT MAY CONFIRM THIS PLAN WITHOUT FURTHER NOTICE IF NO OBJECTION TO CONFIRMATION IS FILED. SEE BANKRUPTCY RULE 3015. IN ADDITION, YOU MAY NEED TO FILE A TIMELY PROOF OF CLAIM TO BE PAID UNDER ANY PLAN.*

The following matters may be of particular importance. *Debtor(s) must check one box on each line to state whether the plan includes each of the following items. If the "Included" box is unchecked or both boxes are checked on each line, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of any claim or arrearages set out in Part 3, which may result in a partial payment or no payment to the secured creditor (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 (a separate action will be required to effectuate such limit) | ☐ Included | ☑ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 9 | ☐ Included | ☑ Not Included |

**Part 2:    Plan Payments and Length of Plan**

**2.1    Debtor(s) will make regular payments to the trustee:**

Total amount of **$945.00** per month for a remaining plan term of **60** months shall be paid to the trustee from future earnings as follows:

| Payments: | By Income Attachment | Directly by Debtor | By Automated Bank Transfer |
|---|---|---|---|
| D#1 | $ **945.00** | $ _____ | $ _____ |
| D#2 | $ _____ | $ _____ | $ _____ |

(Income attachments must be used by Debtors having attachable income)    (SSA direct deposit recipients only)

**2.2 Additional payments.**

☐    **Unpaid Filing Fees.** The balance of $____ shall be fully paid by the Trustee to the Clerk of the Bankruptcy court form the first

---

PAWB Local Form 10 (12/17)                    Chapter 13 Plan                    Page 1

| Debtor | **Michael L Spano, Jr.** | Case number | **18-70235** |
|---|---|---|---|
| | **Laurel R Spano** | | |

available funds.

Check one.

☑ **None.** If "None" is checked, the rest of § 2.2 need not be completed or reproduced.

**2.3** The total amount to be paid into the plan (plan base) shall be computed by the trustee based on the total amount of plan payments plus any additional sources of plan funding described above.

### Part 3: Treatment of Secured Claims

**3.1** **Maintenance of payments and cure of default, if any, on Long-Term Continuing Debts.**

Check one.

☐ **None.** If "None" is checked, the rest of Section 3.1 need not be completed or reproduced.
☑ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed by the trustee. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, without interest. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

| Name of Creditor | Collateral | Current installment payment (including escrow) | Amount of arrearage (if any) | Start date (MM/YYYY) |
|---|---|---|---|---|
| **Carrington Mortgage Se** | **425 Main Street Rockwood, PA 15557 Somerset County Valued by other house in the area** | **$560.00** | **$7,500.00** | |

Insert additional claims as needed.

**3.2** **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

Check one.

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** **Secured claims excluded from 11 U.S.C. § 506.**

Check one.
☐ **None**. If "None" is checked, the rest of Section 3.3 need not be completed or reproduced.
☑ The claims listed below were either:

(1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or

(2) incurred within one 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed by the trustee.

| Name of Creditor | Collateral | Amount of claim | Interest rate | Monthly payment to creditor |
|---|---|---|---|---|
| **M&t Bank** | **2012 Suzuki Kizashi 116000 miles Location: 425 Main Street, Rockwood PA 15557** | **$8,292.00** | **6.00%** | **$197.61** |

Insert additional claims as needed.

| Debtor | **Michael L Spano, Jr.** | Case number | **18-70235** |
|---|---|---|---|
|  | **Laurel R Spano** |  |  |

**3.4** **Lien avoidance.**

Check one.

☑ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.* **The remainder of this section will be effective only if the applicable box in Part 1 of this plan is checked**

**3.5** **Surrender of collateral.**

Check one.

☑ **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

**3.6** **Secured tax claims.**

| Name of taxing authority | Total amount of claim | Type of tax | Interest Rate* | Identifying number(s) if collateral is real estate | Tax periods |
|---|---|---|---|---|---|
| -NONE- | | | | | |

Insert additional claims as needed.

* The secured tax claims of the Internal Revenue Service, Commonwealth of Pennsylvania and any other tax claimants shall bear interest at the statutory rate in effect as of the date of confirmation.

### Part 4: Treatment of Fees and Priority Claims

**4.1** **General**

Trustee's fees and all allowed priority claims, including Domestic Support Obligations other than those treated in Section 4.5, will be paid in full without postpetition interest.

**4.2** **Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case. The trustee shall compute the trustee's percentage fees and publish the prevailing rate on the court's website. It is incumbent upon the debtor(s)' attorney or debtor (if pro se) to monitor any change in the percentage fees to insure that the plan is adequately funded.

**4.3** **Attorney's fees.**

Attorney's fees are payable to **Kenneth P. Seitz, Esquire 81666**. In addition to a retainer of $**352.00** (of which $ **0.00** was a payment to reimburse costs advanced and/or a no-look costs deposit) already paid by or on behalf of the debtor, the amount of $**3,648.00** is to be paid at the rate of $**231.64** per month. Including any retainer paid, a total of $ **4,000.00** in fees and costs reimbursement has been approved by the court to date, based on a combination of the no-look fee and costs deposit and previously approved application(s) for compensation above the no-look fee. An additional $ **0.00** will be sought through a fee application to be filed and approved before any additional amount will be paid through the plan, and this plan contains sufficient funding to pay that additional amount, without diminishing the amounts required to be paid under this plan to holders of allowed unsecured claims.

☐ Check here if a no-look fee in the amount provided for in Local Bankruptcy Rule 9020-7(c) is being requested for services rendered to the debtor(s) through participation in the court's Loss Mitigation Program (do not include the no-look fee in the total amount of compensation requested, above).

**4.4** **Priority claims not treated elsewhere in Part 4.**

☑ **None**. If "None" is checked, the rest of Section 4.4 need not be completed or reproduced.

Insert additional claims as needed

| Debtor | **Michael L Spano, Jr.** | Case number | **18-70235** |
|---|---|---|---|
| | **Laurel R Spano** | | |

**4.5**   **Priority Domestic Support Obligations not assigned or owed to a governmental unit.**

If the debtor(s) is/are currently paying Domestic Support Obligations through existing state court order(s) and leaves this section blank, the debtor(s) expressly agrees to continue paying and remain current on all Domestic Support Obligations through existing state court orders.

☐ Check here if this payment is for prepetition arrearages only.

| Name of Creditor (specify the actual payee, e.g. PA SCDU) | Description | Claim | Monthly payment or pro rata |
|---|---|---|---|
| None | | | |

Insert additional claims as needed.

**4.6**   **Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount.**
Check one.
   ☑ **None.** If "None" is checked, the rest of § 4.6 need not be completed or reproduced.

**4.7**   **Priority unsecured tax claims paid in full.**

| Name of taxing authority | Total amount of claim | Type of Tax | Interest rate (0% If blank) | Tax Periods |
|---|---|---|---|---|
| -NONE- | | | | |

Insert additional claims as needed.

---

**Part 5:**   **Treatment of Nonpriority Unsecured Claims**

**5.1**   **Nonpriority unsecured claims not separately classified.**

Debtor(s) *ESTIMATE(S)* that a total of $**0.00** will be available for distribution to nonpriority unsecured creditors.

Debtor(s) *ACKNOWLEDGE(S)* that a *MINIMUM* of $**0.00** shall be paid to nonpriority unsecured creditors to comply with the liquidation alternative test for confirmation set forth in 11 U.S.C. § 1325(a)(4).

The total pool of funds estimated above is *NOT* the *MAXIMUM* amount payable to this class of creditors. Instead, the actual pool of funds available for payment to these creditors under the plan base will be determined only after audit of the plan at time of completion. The estimated percentage of payment to general unsecured creditors is **0.00**%. The percentage of payment may change, based upon the total amount of allowed claims. Late-filed claims will not be paid unless all timely filed claims have been paid in full. Thereafter, all late-filed claims will be paid pro-rata unless an objection has been filed within thirty (30) days of filing the claim. Creditors not specifically identified elsewhere in this plan are included in this class.

**5.2**   **Maintenance of payments and cure of any default on nonpriority unsecured claims.**

Check one.

   ☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**   **Postpetition utility monthly payments.**

**The provisions of Section 5.3 are available only if the utility provider has agreed to this treatment.** These payments comprise a single monthly combined payment for postpetition utility services, any postpetition delinquencies, and unpaid security deposits. The claim payment will not change for the life of the plan. Should the utility obtain an order authorizing a payment change, the debtor(s) will be required to file an amended plan. These payments may not resolve all of the postpetition claims of the utility. The utility may require additional funds from the debtor(s) after discharge.

| Name of Creditor | Monthly payment | Postpetition account number |
|---|---|---|

| Debtor | **Michael L Spano, Jr.** | Case number | **18-70235** |
|---|---|---|---|
| | **Laurel R Spano** | | |

| Name of Creditor | Monthly payment | Postpetition account number |
|---|---|---|
| -NONE- | | |

Insert additional claims as needed.

**5.4   Other separately classified nonpriority unsecured claims.**

Check one.

☑   **None.** If "None" is checked, the rest of § 5.4 need not be completed or reproduced.

### Part 6:   Executory Contracts and Unexpired Leases

**6.1   The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.**

Check one.

☑   **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7:   Vesting of Property of the Estate

**7.1   Property of the estate shall not re-vest in the debtor(s) until the debtor(s) have completed all payments under the confirmed plan.**

### Part 8:   General Principles Applicable to All Chapter 13 Plans

**8.1**   This is the voluntary chapter 13 reorganization plan of the debtor(s). The debtor(s) understand and agree(s) that the chapter 13 plan may be extended as necessary by the trustee (up to any period permitted by applicable law) to insure that the goals of the plan have been achieved. Notwithstanding any statement by the trustee's office concerning amounts needed to fund a plan, the adequacy of plan funding in order to meet the plan goals remains the sole responsibility of debtor(s) and debtor(s)' attorney. It shall be the responsibility of the debtor(s) and debtor(s)' attorney to monitor the plan in order to ensure that the plan remains adequately funded during its entire term.

**8.2**   Prior to the meeting of creditors, the debtor(s) shall comply with the tax return filing requirements of 11 U.S.C § 1308 and provide the trustee with documentation of such compliance by the time of the meeting. Debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the information needed for the trustee to comply with the requirements of 11 U.S.C. § 1302 as to the notification to be given to Domestic Support Obligation creditors, and debtor(s)' attorney or debtor(s) (if pro se) shall provide the trustee with the calculations relied upon to determine the debtor(s)' current monthly income and disposable income.

**8.3**   The debtor(s) shall have a duty to inform the trustee of any assets acquired while the chapter 13 case is pending, such as insurance proceeds, recovery on any lawsuit or claims for personal injury or property damage, lottery winnings, or inheritances. The debtor(s) must obtain prior court approval before entering into any postpetition financing or borrowing of any kind, and before selling any assets.

**8.4**   Unless otherwise stated in this plan or permitted by a court order, all claims or debts provided for by the plan to receive a distribution shall be paid by and through the trustee.

**8.5**   Percentage fees to the trustee are paid on receipts of plan payments at the rate fixed by the United States Trustee. The trustee has the discretion to adjust, interpret, and implement the distribution schedule to carry out the plan, provided that, to the extent the trustee seeks a material modification of this plan or its contemplated distribution schedule, the trustee must seek and obtain prior authorization of the court. The trustee shall follow this standard plan form sequence unless otherwise ordered by the court:

| | |
|---|---|
| Level One: | Unpaid filing fees. |
| Level Two: | Secured claims and lease payments entitled to 11 U.S.C. § 1326(a)(1)(C) pre-confirmation adequate protection payments. |
| Level Three: | Monthly ongoing mortgage payments, ongoing vehicle and lease payments, installments on professional fees, and postpetition utility claims. |
| Level Four: | Priority Domestic Support Obligations. |
| Level Five: | Mortgage arrears, secured taxes, rental arrears, vehicle payment arrears. |
| Level Six: | All remaining secured, priority and specially classified claims, and miscellaneous secured arrears. |
| Level Seven: | Allowed nonpriority unsecured claims. |
| Level Eight: | Untimely filed nonpriority unsecured claims for which an objection has not been filed. |

| Debtor | **Michael L Spano, Jr.** | Case number | **18-70235** |
|---|---|---|---|
| | **Laurel R Spano** | | |

**8.6** As a condition to the debtor(s)' eligibility to receive a discharge upon successful completion of the plan, debtor(s)' attorney or debtor(s) (if pro se) shall file Local Bankruptcy Form 24 (Debtor's Certification of Discharge Eligibility) with the court within forty-five (45) days after making the final plan payment.

**8.7** The provisions for payment to secured, priority, and specially classified unsecured creditors in this plan shall constitute claims in accordance with Bankruptcy Rule 3004. Proofs of claim by the trustee will not be required. In the absence of a contrary timely filed proof of claim, the amounts stated in the plan for each claim are controlling. The clerk shall be entitled to rely on the accuracy of the information contained in this plan with regard to each claim. Unless otherwise ordered by the court, if a secured, priority, or specially classified creditor timely files its own claim, then the creditor's claim shall govern, provided the debtor(s) and debtor(s)' attorney have been given notice and an opportunity to object. The trustee is authorized, without prior notice, to pay claims exceeding the amount provided in the plan by not more than $250.

**8.8** Any creditor whose secured claim is not modified by this plan and subsequent order of court shall retain its lien.

**8.9** Any creditor whose secured claim is modified or whose lien is reduced by the plan shall retain its lien until the underlying debt is discharged under 11 U.S.C. § 1328 or until it has been paid the full amount to which it is entitled under applicable nonbankruptcy law, whichever occurs earlier. Upon payment in accordance with these terms and entry of a discharge order, the modified lien will terminate and be released. The creditor shall promptly cause all mortgages, liens, and security interests encumbering the collateral to be satisfied, discharged, and released.

**8.10** The provisions of Sections 8.8 and 8.9 will also apply to allowed secured, priority, and specially classified unsecured claims filed after the bar date. ***LATE-FILED CLAIMS NOT PROPERLY SERVED ON THE TRUSTEE AND THE DEBTOR(S)' ATTORNEY OR DEBTOR(S) (IF PRO SE) WILL NOT BE PAID.*** The responsibility for reviewing the claims and objecting where appropriate is placed upon the debtor(s).

### Part 9: Nonstandard Plan Provisions

**9.1** **Check "None" or List Nonstandard Plan Provisions**
☑ **None.** If "None" is checked, the rest of Part 9 need not be completed or reproduced.

### Part 10: Signatures:

**10.1** **Signatures of Debtor(s) and Debtor(s)' Attorney**

If the debtor(s) do not have an attorney, the debtor(s) must sign below; otherwise the debtor(s)' signatures are optional. The attorney for the debtor(s), if any, must sign below.

By signing this plan the undersigned, as debtor(s)' attorney or the debtor(s) (if pro se), certify(ies) that I/we have reviewed any prior confirmed plan(s), order(s) confirming prior plan(s), proofs of claim filed with the court by creditors, and any orders of court affecting the amount(s) or treatment of any creditor claims, and except as modified herein, this proposed plan conforms to and is consistent with all such prior plans, orders, and claims. False certifications shall subject the signatories to sanctions under Bankruptcy Rule 9011.

*By filing this document, debtor(s)' attorney or the debtor(s) (if pro se), also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in the standard chapter 13 plan form adopted for use by the United States Bankruptcy Court for the Western District of Pennsylvania, other than any nonstandard provisions included in Part 9. It is further acknowledged that any deviation from the standard plan form shall not become operative unless it is specifically identified as "nonstandard" terms and are approved by the court in a separate order.*

| X | **/s/ Michael L Spano, Jr.** | X | **/s/ Laurel R Spano** |
|---|---|---|---|
| | **Michael L Spano, Jr.** | | **Laurel R Spano** |
| | Signature of Debtor 1 | | Signature of Debtor 2 |
| | Executed on  **April 11, 2018** | | Executed on  **April 11, 2018** |

| X | **/s/ Kenneth P. Seitz, Esquire** | Date | **April 11, 2018** |
|---|---|---|---|
| | **Kenneth P. Seitz, Esquire 81666** | | |
| | Signature of debtor(s)' attorney | | |

United States Bankruptcy Court
Western District of Pennsylvania

In re:                                                                    Case No. 18-70235-JAD
Michael L Spano, Jr.                                                      Chapter 13
Laurel R Spano
            Debtors

# CERTIFICATE OF NOTICE

District/off: 0315-7            User: gamr            Page 1 of 2            Date Rcvd: Apr 13, 2018
                                Form ID: pdf900       Total Noticed: 37

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Apr 15, 2018.
```
db/jdb         +Michael L Spano, Jr.,    Laurel R Spano,    425 Main Street,    Rockwood, PA 15557-1024
14802434      ++CAINE & WEINER COMPANY,    12005 FORD ROAD 300,    DALLAS TX 75234-7262
               (address filed with court:   Caine Weiner,    Po Box 5010,    Woodland Hills, CA 91365)
14802435       +Capital One, N.A.,    P.O. Box 71087,    Charlotte, NC 28272-1087
14802436       +Carrington Mortgage Se,    1600 S Douglass Rd Ste 2,    Anaheim, CA 92806-5951
14802437       +Chase,   Cardmember Service,    P.O. Box 15123,    Wilmington, DE 19886-5123
14802438       +Chase Card,    Po Box 15298,    Wilmington, DE 19850-5298
14802440       +Convergent,    800 SW 39th Street,    P.O. Box 9004,    Renton, WA 98057-9004
14802444       +Foundation Radiology Group,    P.O. Box 1198,    Somerset, PA 15501-0336
14802445        Keystone Credit Services,    P.O. Box 218,    Leola, PA 17540-0218
14802448      #+Lendmark Financial Services,    Richalnd Square,    1397 Eisenhower Blvd. Ste 100,
                 Johnstown, PA 15904-3267
14802449       +Liberty Mutual Insurance,    175 Berkeley Street,    Boston, MA 02116-3350
14802451       +Michael F. Ratchford, Esquire,    Ratchford Law Group, P.C.,    409 Lackawanna Avenue, Suite 320,
                 Scranton, PA 18503-2059
14802453        Montgomery Lynch & Associates, Inc.,    P.O. Box 22720,    Beachwood, OH 44122-0720
14802454       +National Enterprise Systems,    2479 Edison Blvd, Unit A,    Twinsburg, OH 44087-2476
14802457       +PNC Bank,    P.O. Box 1820,    Miamisburg, OH 45343
14802455       +Par Bis Ncl,    7870 Carmargo Road,    Cincinnati, OH 45243-2652
14802456       +Penelec,    P.O. Box 3687,    Akron, OH 44309-3687
14802458       +Sequium Asset Solution,    1130 Northchase Pkwy, St,    Marietta, GA 30067-6413
14802459       +Somerset Hospital,    225 South Center Avenue,    Somerset, PA 15501-2088
14802460       +Somerset Hospital,    Cashier,    225 South Center Avenue,    Somerset, PA 15501-2033
14802461        Somerset Med Services,    4309 Glades Pike, Suite 200,    Somerset, PA 15501-1153
14802462       +Somerset Medical Central Medical,    223 S. Pleasant Avenue,    Suite 301,
                 Somerset, PA 15501-2188
14802463       +Somerset Orthopedics,    126 E Church Street,    # 2100,    Somerset, PA 15501-2271
14802464       +Somerset Orthopedics, Inc.,    329 Pleasant Avenue,    Somerset, PA 15501-2262
14802465       +Trident Asset Manageme,    53 Perimeter Ctr E Ste 4,    Atlanta, GA 30346-2294
14802466       +US Career Institute,    2001 Lowe Street,    Fort Collins, CO 80525-5751
14802467       +USCB Corporation,    P.O. Box 75,    Archbald, PA 18403-0075
14802469       +Verizon Wireless,    P.O. Box 25505,    Lehigh Valley, PA 18002-5505
14802468       +Verizon Wireless,    Po Box 650051,    Dallas, TX 75265-0051
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
14802432        E-mail/Text: ebn@americollect.com Apr 14 2018 01:50:01     Americollect Inc,    Po Box 1566,
                 Manitowoc, WI 54221
14802433       +E-mail/Text: legal@arsnational.com Apr 14 2018 01:49:21     ARS National Services, Inc.,
                 P.O. Box 1259,    Oaks, PA 19456-1259
14802439       +E-mail/Text: bankruptcy@firstenergycorp.com Apr 14 2018 01:49:53     Collection Service Cen,
                 839 5th Ave,    New Kensington, PA 15068-6303
14802441       +E-mail/Text: bankruptcy_notifications@ccsusa.com Apr 14 2018 01:50:34
                 Credit Collection Services,    725 Canton Street,    Norwood, MA 02062-2679
14802442       +E-mail/Text: abovay@creditmanagementcompany.com Apr 14 2018 01:50:13     Credit Management Co,
                 2121 Noblestown Road,    Pittsburgh, PA 15205-3956
14802450        E-mail/Text: camanagement@mtb.com Apr 14 2018 01:49:21     M&t Bank,    1 Fountain Plz Fl 4,
                 Buffalo, NY 14203
14802452       +E-mail/Text: bankruptcydpt@mcmcg.com Apr 14 2018 01:49:44     Midland Funding,
                 2365 Northside Dr Ste 30,    San Diego, CA 92108-2709
14803271       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 14 2018 01:45:14
                 PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14802469       +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 14 2018 01:49:00
                 Verizon Wireless,    P.O. Box 25505,    Lehigh Valley, PA 18002-5505
                                                                                              TOTAL: 9
```
```
               ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr              THE BANK OF NEW YORK MELLON, F/K/A The Bank of New
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
14802443*      +Credit Management Co,    2121 Noblestown Rd,    Pittsburgh, PA 15205-3956
14802447*      +Keystone Credit Services, LLC,    P.O. Box 218,    Leola, PA 17540-0218
14802446*       Keystone Credit Services, LLC,    P.O. Box 218,    Leola, PA 17540-0218
                                                                                   TOTALS: 1, * 4, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

```
District/off: 0315-7          User: gamr              Page 2 of 2            Date Rcvd: Apr 13, 2018
                              Form ID: pdf900         Total Noticed: 37
```

***** BYPASSED RECIPIENTS (continued) *****

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update. While the notice was still deliverable, the notice recipient was advised to update its address with the court immediately.

---

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Apr 15, 2018                                      Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on April 11, 2018 at the address(es) listed below:

```
          Kenneth P. Seitz    on behalf of Joint Debtor Laurel R Spano thedebterasers@aol.com
          Kenneth P. Seitz    on behalf of Debtor Michael L Spano, Jr. thedebterasers@aol.com
          Office of the United States Trustee    ustpregion03.pi.ecf@usdoj.gov
          Ronda J. Winnecour     cmecf@chapter13trusteewdpa.com
                                                                                          TOTAL: 4
```